# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 24, 2018

Plaintiff-Appellee,

v

No. 337878
Oakland Circuit Court

JENNIFER M. PRUITT,

LC No. 1993-124150-FC

Defendant-Appellant.

Before: CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

In 1993, then-16-year-old defendant, Jennifer Pruitt, was convicted of first-degree felony murder-armed robbery and first-degree felony murder-larceny, MCL 750.316(1)(b), second-degree murder, MCL 750.317, and armed robbery, MCL 750.529. Pruitt was sentenced to terms of life imprisonment for each conviction. This Court affirmed Pruitt's first-degree felony murder-armed robbery conviction but vacated the remaining convictions. *People v Pruitt*, unpublished per curiam opinion of the Court of Appeals, issued August 13, 1996 (Docket No. 170648), pp 1-2. After *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012), the prosecution initiated resentencing pursuant to MCL 769.25 and MCL 769.25a and requested a sentence of 40 to 60 years in lieu of life without parole. Pruitt responded by arguing for a minimum sentence of 25 years, the lowest permitted by statute, citing her achievements and improvement in prison since the offense. The trial court resentenced Pruitt to 30 to 60 years' imprisonment for the first-degree felony murder-armed robbery conviction. We affirm.

## I. STANDARD OF REVIEW

When reviewing a sentence, we review a trial court's findings of fact for clear error and questions of law de novo. *People v Garay*, 320 Mich App 29, 43; 903 NW2d 883 (2017), overruled in part by *People v Skinner*, ___ Mich ___; ___ NW2d ___ (2018) (Docket Nos. 152448, 153081, and 153345). We review a "trial court's ultimate determination regarding the sentence imposed . . . for an abuse of discretion." *Id*. at 43-44. "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes" or "when it makes an error of law." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013).

## II. RESENTENCING

-1-

Pruitt contends that the trial court erred by not applying *Miller* to her resentencing. We disagree. In *Miller*, 567 US at 465, the United States Supreme Court held that a mandatory sentence of life in prison without the possibility of parole for a juvenile offender was unconstitutional. A trial court may impose a sentence of life imprisonment without parole; before it does so, it should consider certain factors:

> [defendant's] chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences; the family and home environment that surrounds him [or her]—and from which he [or she] cannot usually extricate himself [or herself]—no matter how brutal or dysfunctional; the circumstances of the homicide offense, including the extent of his [or her] participation in the conduct and the way familial and peer pressures may have affected him [or her]; whether he [or she] might have been charged [with] and convicted of a lesser offense if not for incompetencies associated with youth—for example, his [or her] inability to deal with police officers or prosecutors (including on a plea agreement) or his [or her] incapacity to assist his [or her] own attorneys; and the possibility of rehabilitation . . . . [*Skinner*, ___ Mich at ___; slip op at 8-9, quoting *Miller*, 567 US at 477-478 (first and eighth alterations in original).]

Following *Miller*, the Legislature enacted MCL 769.25a to provide the procedural framework for resentencing should *Miller* apply retroactively. The United States Supreme Court subsequently held that *Miller* applied retroactively. *Montgomery v Louisiana*, 577 US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016).

The procedural framework set forth in MCL 769.25a(4) does not specify any factors to apply during resentencing. *People v Wines*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 336550); slip op at 2. After the trial court resentenced Pruitt, a panel of this Court applied *Miller* to a sentence less than life imprisonment without parole, concluding that the trial court "should be guided by a balancing of the *Snow* objectives and in that context is required to take into account the attributes of youth such as those described in *Miller*."[1] *Id*. at ___; slip op at 4. The *Snow* objectives are "(a) the reformation of the offender, (b) protection of society, (c) the disciplining of the wrongdoer, and (d) the deterrence of others from committing like offenses." *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972).

As an initial matter, Pruitt's contention that the trial court should have made specific findings related to the *Miller* factors is without merit because the prosecution did not seek a

---

[1] We believe that *Wines* was incorrectly decided. The *Wines* Court acknowledged that *Miller*'s constitutional holding did not apply to a sentence less than life without parole and that a trial court is not required to make specific findings as to the *Miller* factors when sentencing a juvenile offender to a sentence less than life without parole. *Id*. at ___; slip op at 4. We agree with this conclusion, and we believe that *Miller* has no application whatsoever outside of a sentence of life imprisonment without parole for a juvenile offender. See *Miller*, 567 US at 479-480; *Montgomery*, 577 US at ___; 136 S Ct at 732-737; *Skinner*, ___ Mich at ___; slip op at 31-40.

sentence of life without parole. Moreover, the trial court's analysis was consistent with *Wines*, so *Wines* does not require remand for resentencing. The trial court began by stating the *Snow* objectives and stating its obligation to balance these factors, "along with recognizing the age, maturity, and life circumstances of the defendant at the time the offense was committed." In addition to considering Pruitt's circumstances in 1992, the trial court further considered her achievements and substantial personal improvement while imprisoned. The trial court found Pruitt's elocution heartfelt and remorseful, while also acknowledging the victim's family's grief and Pruitt's active role in aiding her codefendant in fatally stabbing the victim. In addition to considering Pruitt's exemplary behavior while in prison, the trial court considered "her family background and her circumstances at the time of this offense." In short, the trial court considered all aspects of this offense, ranging from Pruitt's youth and background at the time of the offense to her demonstrated rehabilitation in the 13 years preceding resentencing. It is not clear what else the trial court could or should have considered. Although the trial court did not list the factors as stated in *Miller*, the trial court considered the equivalent of the *Miller* factors. Therefore, we decline to remand proceedings for resentencing.

### III. REASONABLE AND DISPROPORTIONATE SENTENCE

Pruitt further argues that the minimum 30-year sentence was unreasonable because the sentence was disproportionate to the seriousness of the offense and the offender. We disagree. A sentence that violates the principle of proportionality is unreasonable. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). A sentence must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id.* at 460 (citation and quotation marks omitted). A sentence mandated by statute is presumptively proportionate. *People v Davis*, 250 Mich App 357, 369; 649 NW2d 94 (2002). In order to overcome the presumption of proportionality, "a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000).

First, Pruitt's sentence was presumptively proportionate. A juvenile offender previously sentenced to life without parole who is entitled to resentencing may be sentenced to a maximum term of 60 years and a minimum term ranging from 25 to 50 years. MCL 769.25a(4)(c). Accordingly, Pruitt's minimum sentence of 30 years was presumptively proportionate because it fell within the statutory range.

Additionally, Pruitt fails to articulate unusual circumstances that render the sentence disproportionate. Pruitt's primary challenges were that she cooperated with the police at the time of the offense and demonstrated strikingly positive rehabilitation while incarcerated. The trial court's selection of a 30-year minimum reflects the trial court's balancing of the positive factors Pruitt identified with her active participation in the offense. When Pruitt's codefendant lamented that she needed money, Pruitt first suggested that the victim had a lot of money. She did not respond to her codefendant's intention to hurt the victim if it became necessary. Pruitt accompanied her codefendant to the victim's home. She later told a neighbor that she stepped on the victim's ankle because he had a knife, which facilitated Pruitt's codefendant's ability to stab the victim 27 times. Finally, at Pruitt's insistence, Pruitt and her codefendant returned to the victim's home to wipe off their fingerprints. Accordingly, Pruitt's role in the offense reasonably merited some increase from the statutory floor. Further, the 30-year minimum was closer to the

25-year end of the statutory minimum range rather than the 40-year end of that range, reflecting the trial court's consideration of Pruitt's youth and background as well as her demonstrated rehabilitation. In sum, the trial court imposed a proportionate sentence.

We affirm.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Peter D. O'Connell